Kevin AIRIS, et al., Appellants,

v.

METROPOLITAN ZOOLOGICAL PARK AND MUSEUM DISTRICT, et al., Respondents.

No. ED 94807.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 18, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 22, 2011.

Application for Transfer Denied March 29, 2011.

Kevin J. Kasper, St. Charles, MO, for appellant.

Jay L. Levitch, Jennifer J. Raymond, St. Louis, MO, for respondent.

KENNETH M. ROMINES, J.

*Background and Procedural History*

This case involves the application of a special statute of limitations. In 1974, Thomas Airis, father of Appellant Kevin Airis, delivered certain Native American historical items to the Respondent Science Museum, now the Science Center (Science Center). In 2006, Kevin Airis (Airis) requested that all objects loaned by his father be returned. The Science Center found and returned some—but not all of the items on its inventories. Airis then filed suit seeking compensation for the missing items.

The Science Center, through then-curator James G. Houser, had previously acknowledged receiving certain historical items from Thomas Airis. On a handwritten list dated 7 March 1974 (List), Mr. Houser made the notation "Received on loan" and signed his name. On a document titled "Inventory of the Thomas Frank Airis Collection of American Indian Beadwork" also dated 7 March 1974 and indexing the items received (Inventory), Mr. Houser made the notation "Received on permanent loan on March 7, 1974 from Mr. Thomas Airis" and signed his name. The Science Center received other objects at that same time which were cataloged in a third document. Later in 1974, the Science Center sent a letter to Thomas Airis acknowledging receipt of all the items included in the third document. In 1983, the Science Center sent a donation form regarding the items acknowledged in the 1974 letter. Neither mentioned the items from the List or Inventory. Although it is

conceded that Thomas Airis received both these letters, he did not respond to either communication, and he never contacted the Science Center to ask about the items from the List and Inventory that were missing from the lists in the 1974 and 1983 letters. In 1979, 1989, 2001 and 2003, inventories of the Science Center's collection were conducted. Only the items from the 1974 and 1983 letters were listed in them.

In 2006, after the death of his father, Airis requested that all items loaned by Thomas Airis to the Science Center in 1974 be returned. The Science Center found and returned all items listed in the third document. However, it did not find any of the items from the List or Inventory of 1974.

On 29 May 2008 Kevin Airis filed a petition against the Science Center seeking actual and punitive damages for the missing items. On 6 October 2008 the trial court dismissed all of the claims except three: replevin, breach of contract and unjust enrichment. The Respondent filed a motion for summary judgment arguing that the claims were barred by the statute of limitations set forth in the Museum Property Act. On 8 April 2010 the trial court granted the Respondent's motion, finding that Airis' claim was barred by Section 184.116.1.[1] Airis appeals that decision.

*Standard of Review*

The standard of review on an appeal from summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper when there is no

---

1. All statutory references are to RSMo (2008) unless otherwise noted.

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); *Larabee v. Eichler*, 271 S.W.3d 542, 545 (Mo. banc 2008). A defending party moving for summary judgment may establish a right to judgment by showing facts that negate any one of the claimant's elements. *Fetick v. American Cyanamid Co.*, 38 S.W.3d 415, 418 (Mo. banc 2001). An order of summary judgment may be affirmed under any theory that is supported by the record. *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010).

### Discussion

Section 184.116.1 of the Museum Property Act provides that "no action for damages shall be brought against a museum because of injury to or loss of property on loan to the museum more than two years from the date the museum gives the lender or claimant notice of the injury or loss or five years from the date of the injury or loss, whichever occurs earlier." When a law provides a specific statute of limitations it prevails over the general statute of limitations. Section 516.300. Appellant argues that the statute of limitations in Section 184.116.1 applies only to claims brought pursuant to Chapter 184, but not to other forms of action. He concludes that as his actions sound in replevin, contract and unjust enrichment, they are not controlled by the Museum Property Act's statute of limitations.

Appellant's argument is unconvincing. Section 184.116.1 by its plain language applies to all claims against museums arising out of the loss of loaned property: *"no action for damages shall be brought against a museum ..."*. (Emphasis added). Its application is not limited to those cases brought expressly under Chapter 184 but to *any* action against a museum for loss of loaned property.

Since Appellant's action is controlled by Section 184.116.1, he had, at most, five years from the date of injury or loss to bring it. Both Appellant and Respondent dedicated a substantial portion of their respective briefs to arguing when the statute of limitations began to run, i.e. the date of loss. Appellant claims that the items were not lost such that the statute of limitations began to run until he made his first demand in 2006. Respondent counters that Appellant and his predecessors were on notice of the loss as early as 1974, when the Science Center sent a letter acknowledging receipt of only some of the items. There is no requirement that there be a demand for items before they can be considered lost for the purposes of Chapter 184. It is not a necessity for us to determine with absolute certainty the date of the loss as it is obvious that the items in dispute in this case were "lost" more than five years before 29 May 2008, the date Appellant originally filed this case. It was appropriate for the trial court to grant Respondent's motion for summary judgment based on the statute of limitations.

As this issue is dispositive of the case, it is unnecessary for us to address the other points on appeal.

### Conclusion

We affirm the trial court's grant of summary judgment for Respondents. This case was governed by the statute of limitations provided in the Museum Property Act, Section 184.116.1. Appellant brought his action more than five years after the missing items were lost and this case is time barred.

ROY L. RICHTER, C.J. and KATHIANNE KNAUP CRANE, J., concur.